**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01190

Alexandra Easker, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DispatchHealth Management, LLC,

    Defendant.

FLSA COLLECTIVE ACTION

---

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Alexandra Easker ("Plaintiff" or "Easker"), individually and on behalf of all other similarly situated employees, files this Complaint against Defendant DispatchHealth Management, LLC ("Defendant" or "DHM"), showing in support as follows:

### I.    NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each seven-day workweek.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES

**A.     Plaintiff Alexandra Easker**

1. Plaintiff is an individual residing in Harris County, Texas. Plaintiff has standing to file this lawsuit.

2. Plaintiff began working for Defendant on or about August of 2022. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about March 21, 2024.

3. At all times, Plaintiff was paid on an hourly basis of approximately $21.00/hour.

4. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.     Collective Action Members**

5.      The putative Collective Action Members are all current or former employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

6.      The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     Defendant DispatchHealth Management, LLC**

7.      Defendant is a limited liability company organized under the laws of the State of Colorado.

8.      During all times relevant to this lawsuit, Defendant has done business in the State of Colorado.

9.      Defendant's principal place of business as listed with the Colorado Secretary of State is 3825 N. Lafayette Street, Attn: OGC, Denver, Colorado 80205.

10.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

11.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

12.     At all times relevant to this lawsuit, Defendant employed two or more

employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

13. Defendant may be served with summons through its registered agent Mark H. Prather, 3827 N. Lafayette Street, Denver, Colorado 80205.

### III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

15. The United States District Court for the District of Colorado has personal jurisdiction over Defendant because Defendant does business in Colorado and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Colorado and in this District.

16. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV. FACTUAL BACKGROUND

17. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18. Plaintiff was employed by Defendant as a medical technician in connection with its medical services business operations. Her primary job duties involved assisting medical professionals with medical diagnostic procedures.

19. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 50-60 hours of work for Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek.

20. Rather, Defendant compensated certain overtime hours at one and one-quarter the regular rate of pay. This was a violation of the FLSA.

21. During times relevant, Defendant employed numerous other employees in connection with its medical services business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

22. Defendant's uniform wage payment policy and/or practice resulted in Plaintiff and similarly situated employees not being paid all overtime wages owed to them by Defendant in violation of the FLSA.

### V. FLSA CLAIMS FOR OVERTIME PAY

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

25. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

26. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

27. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

28. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

29. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

30. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

31. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

32. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

33. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

34. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   COLLECTIVE ACTION CLAIMS

35. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

37. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

38. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

39. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

40. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

41. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

42. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

43. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

44. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

45. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

46. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated: April 30, 2024

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas State Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas State Bar No. 24080773
marbuckle@wageandhourfirm.com
**Wage and Hour Firm**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS